MEMORANDUM **
Plaintiff-Appellant Timothy D. Naegele appeals the district court’s dismissal of his ten state law causes of action; summary judgment on his remaining federal cause of action in favor of Defendants-Appellees James L. Tonius, Margaret N. Tonius, and the Tonius Family Trust; and award of attorneys’ fees. We affirm.
First, this court lacks jurisdiction to consider the merits of the district court’s order awarding fees, because Naegele did not file a notice of appeal from the Amended Judgment, dated September 27, 2007, nor did he amend the Notice of Appeal he had previously filed from the Judgment dated July 9, 2007. See Whitaker v. Garceta, 486 F.3d 572, 585 (9th Cir.2007); FRAP Rule 4(a)(4)(B)(ii) (2007).
The district court did not abuse its discretion by sua sponte dismissing Naegele’s state law claims for lack of diversity jurisdiction after providing an opportunity to amend the complaint to address its concerns regarding domiciliary status. See Snell v. Cleveland, Inc., 316 F.3d 822, 828 n. 6 (9th Cir.2002); Molnar v. Nat’l Broadcasting Co., 231 F.2d 684, 687 & n. 3 (9th Cir.1956). The district court properly treated the jurisdictional assertions included in the amended complaint as truthful and construed all of the ambiguous jurisdictional assertions in the light most favorable to a finding of diversity. See, e.g., Wah Chang v. Duke Energy Trading & Marketing, LLC, 507 F.3d 1222, 1224 n. 1 (9th Cir.2007). The district court’s determination that the factual assertions that Naegele included in his amended complaint failed to overcome the presumption that he is domiciled in California, the state where he resides, was not clearly erroneous. See Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir.1986); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir.1983); Anderson v. Watts, 138 U.S. 694, 706, 11 S.Ct. 449, 452, 34 L.Ed. 1078 (1891). Naegele’s reliance on a prior district court decision from a jurisdiction outside this circuit is misplaced. Not only did that case involve a different time frame, but the evidence presented by the opposing party in that case regarding Naegele’s alleged domicile in California was far less substantial, reliable, or persuasive than the indicators of California residency and domicile present in this case.
The district court also did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims, which vastly outnumber the federal claim and require proof of many *552 more elements. 28 U.S.C. § 1367(c) (2007); San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir.1998).
Finally, the district court did not abuse its discretion in denying Naegele’s untimely Motion for Enlargement of Time Within Which to File Opposition to Defendants’ Motion for Summary Judgment. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1069 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.