NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE WOOLSEY; et al., | No. 15-56697 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-00530-WQH-BGS |
| v. | |
| J.P. MORGAN VENTURES ENERGY CORPORATION and JPMORGAN CHASE & CO., | MEMORANDUM [*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 8, 2017[**]
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and RICE,[***] Chief District Judge.

This appeal requires us to again consider the application of the filed rate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

doctrine to claims involving California's wholesale electricity market. Plaintiffs-Appellants Catherine Woolsey, Carol Ball, and Rachel Reidinger ("Plaintiffs") appeal the dismissal of their Complaint against Defendants-Appellees J.P. Morgan Ventures Energy Corporation ("JPM Ventures") and its parent company, JPMorgan Chase & Company. Plaintiffs sought damages in a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, alleging that JPM Ventures fraudulently manipulated rates in California's wholesale electricity market, resulting in higher electricity costs for retail consumers. The district court held that the filed rate doctrine barred Plaintiffs' RICO claim.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Our court has had numerous occasions to reaffirm the reach of the filed rate doctrine's formidable barrier to suit in cases involving California's wholesale electricity market. *See, e.g.*, *Wah Chang v. Duke Energy Trading & Mktg., LLC*, 507 F.3d 1222, 1225-27 (9th Cir. 2007); *Pub. Util. Dist. No. 1 of Snohomish Cty. v. Dynegy Power Mktg., Inc.*, 384 F.3d 756, 760-62 (9th Cir. 2004); *Pub. Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. Idacorp Inc.*, 379 F.3d 641, 650-52 (9th Cir. 2004); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 852-53 (9th Cir.

---

[1] Plaintiffs also challenge the district court's alternative ground for dismissal. We need not reach that issue because the filed rate doctrine bars Plaintiffs' Complaint.

2004); *Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 929-33 (9th Cir. 2002). In our most recent foray in this area, we held that the doctrine barred a claim virtually identical to the one asserted by Plaintiffs. *See Wah Chang*, 507 F.3d at 1225-27 (holding that the filed rate doctrine barred a retail electricity consumer's civil RICO claim seeking damages for increased electricity costs allegedly caused by defendants' fraudulent manipulation of wholesale electricity rates).

Plaintiffs nonetheless argue that the filed rate doctrine should not apply here in light of our decision in *Carlin v. DairyAmerica, Inc.*, 705 F.3d 856 (9th Cir. 2012). In *Carlin*, we declined to apply the filed rate doctrine to bar RICO claims arising from alleged price manipulation in the milk industry because the rate-setting agency had explicitly rejected the relevant rates as resulting from fraud and attempted to recalculate them. *Id.* at 873-83. We carefully cabined our holding in *Carlin* to the particular facts presented, however, and specifically indicated that our reasoning in that case would not extend to claims involving rates set by the Federal Energy Regulatory Commission—the rate-setting agency in the present case. *See id.* at 875 ("Obviously, where the controlling statute prohibits the federal agency from altering a filed rate retroactively [as the Natural Gas Act[2] does for FERC]. . . ,

---

[2] The present case involves FERC's regulatory authority under the Federal Power Act rather than the Natural Gas Act, but the two statutes are "substantially

3

then the agency cannot effectively suspend or set aside the published rates for purposes of a lawsuit seeking recovery based on injuries arising from the imposition of those rates."); *id.* at 879 ("[T]his case presents a narrow exception to the general rule that the filed rate doctrine not only applies but functions so as to bar . . . price-related claims [involving federally regulated milk rates]."). On its face, *Carlin* thus does not encompass claims involving FERC-approved rates.

Plaintiffs' other attempts to evade the doctrine are similarly unavailing. Try as they might to distinguish their claim for relief from actions we have barred in the past, Plaintiffs cannot escape the fact that they—like those who have come before them—fundamentally allege that the FERC-approved electricity rates in California's wholesale market were, for a time, too high. Our precedents make clear that the "only avenue" for such a complaint, however framed, "[is] with FERC." *Grays Harbor*, 379 F.3d at 653; *Snohomish*, 384 F.3d at 762 ("FERC approved tariffs that governed the California wholesale electricity markets. Therefore, if the prices in those markets were not just and reasonable or if the defendants sold electricity in violation of the filed tariffs, [plaintiff's] only option is to seek a remedy before FERC.").

**AFFIRMED.**

---

identical." *Grays Harbor*, 379 F.3d at 649 n.8 (quoting *Ark. La. Gas. Co. v. Hall*, 453 U.S. 571, 577 n.7 (1981)).

4