Steven SHARBER, Plaintiff–Appellant,

v.

SPIRIT MOUNTAIN GAMING INC., Defendant–Appellee.

No. 01–35500.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided May 15, 2003.

Redesignated for Publication Sept. 4, 2003.

William R. Goode, Portland, Oregon, argued for the plaintiff–appellant.

Courtney W. Wiswall, Portland, Oregon, argued for the defendant–appellee. Charles F. Adams and Paul C. Buchanan joined her on the briefs.

Before REAVLEY,\* KOZINSKI and W. FLETCHER, Circuit Judges.

PER CURIAM:

■ 1. The district court did not err in concluding that tribal courts should have first opportunity to determine whether they have jurisdiction to hear actions based on the Family and Medical Leave Act. *See Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 15, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) ("[A]lthough the existence of tribal court jurisdiction presented a federal question within the scope of 28 U.S.C. § 1331, considerations of comity direct that tribal remedies be exhausted before the question is addressed by the District Court."); *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 855–56, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985) (holding that the inquiry over "whether a tribal court has the power to exercise civil subject-matter jurisdiction ... should be conducted in the first instance in the Tribal Court itself").

---

\* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

The absence of any ongoing litigation over the same matter in tribal courts does not defeat the tribal exhaustion requirement. *See United States v. Plainbull,* 957 F.2d 724, 728 (9th Cir.1992) ("Whether a tribal action is pending ... does not determine whether abstention is appropriate.... [W]e held that abstention ... was required even in the absence of a pending tribal court action.").

2. Nor did the district court err in concluding that the tribal exhaustion requirement also applies to issues of tribal sovereign immunity. Determining whether the tribe has waived immunity, or whether Congress has abrogated its immunity, requires "a careful study of the application of tribal laws, and tribal court decisions." *Stock West Corp. v. Taylor,* 964 F.2d 912, 920 (9th Cir.1992); *see also Nat'l Farmers,* 471 U.S. at 855–56, 105 S.Ct. 2447. Accordingly, the district court properly "stayed its hand until after the ... Tribal Courts have the opportunity to resolve the question." *Stock West Corp.,* 964 F.2d at 920.

3. But the district court erred when, instead of simply staying the federal action, it granted Spirit Mountain's motion to dismiss *for lack of jurisdiction* under Fed.R.Civ.P. 12(b)(1). *See Iowa Mut. Ins. Co.,* 480 U.S. at 16 n. 8, 19–20, 107 S.Ct. 971 ("Exhaustion is required as a matter of comity, not as a jurisdictional prerequisite.... [T]he court [of appeals] should not have affirmed the District Court's dismissal for lack of subject-matter jurisdiction."). The error is exacerbated here because dismissal might mean that Sharber would later be "barred permanently from asserting his claims in the federal forum by the running of the applicable statute of limitations." *Deakins v. Monaghan,* 484 U.S. 193, 203 n. 7, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *see also* 29 U.S.C. § 2617(c). Under the circumstances, the district court should have stayed, not dismissed, the federal action pending the exhaustion of tribal remedies. *See, e.g., Allstate Indem. Co. v. Stump,* 191 F.3d 1071, 1076 (9th Cir.1999). We remand the case to the district court for it to enter the appropriate order.

AFFIRMED in part, REVERSED in part and REMANDED. No costs.