**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of The Ann P. Shimsky Trust and representative of Ann P. Shimsky, deceased,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and THC-ORANGE COUNTY INC., doing business as Kindred Hospital San Diego,<br><br>        Defendants - Appellees. | No. 08-56983<br><br>D.C. No. 3:07-cv-02432-H-LSP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted October 7, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[**]

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]        The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

Arnold Schimsky appeals the district court's dismissal of his complaint against the United States Office of Personnel Management ("OPM"). In his complaint, Schimsky sought to recover benefits under the Federal Employees Health Benefits Act. Because Schimsky did not exhaust administrative remedies prior to filing his action, the district court dismissed the complaint for lack of subject matter jurisdiction. On appeal, Schimsky argues the district court erred in dismissing rather than staying his action. We agree and remand to the district court with instructions to stay the action pending exhaustion of administrative remedies.[1]

We review the district court's dismissal for lack of subject matter jurisdiction de novo. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 825 (9th Cir. 2002) (per curiam). Additionally, where exhaustion is non-jurisdictional, we review the district court's decision to dismiss an action for failure to exhaust administrative remedies for abuse of discretion. *Pension Benefit Guar. Corp. v. Carter & Tillery Enters.*, 133 F.3d 1183, 1187 (9th Cir. 1998).

Contrary to the district court's determination, the exhaustion requirement in this case was non-jurisdictional because it was created by agency regulations and was not mandated by statute. *See id.* ("[W]hen . . . the exhaustion requirement is

---

[1]If the parties wish to pursue court-facilitated mediation, we will consider a motion to stay the mandate.

created by agency regulations, the decision whether to require exhaustion is a matter for district court discretion." (quoting *Kobleur v. Grp. Hosp. & Med. Servs.*, 954 F.2d 705, 711 (11th Cir. 1992))); *cf. Kucana v. Holder*, 130 S. Ct. 827, 831 (2010) (holding that a statutory jurisdiction-stripping provision applied only to "[agency] determinations made discretionary by statute, [and not] to determinations declared discretionary by the [agency itself] through regulation"). Accordingly, the district court had discretion to stay rather than dismiss the action.

Schimsky filed his action on December 31, 2007, the day before the statute of limitations was set to expire for some of his claims. Schimsky did not exhaust administrative remedies because he had not yet received a denial of coverage from Blue Cross. Without a denial of coverage, Schimsky could not commence the administrative review process.[2] *See* 5 C.F.R. § 890.105(a). Yet if Schimsky waited for a denial of coverage, the statute of limitations would have run out for some of his claims. *See id.* § 890.107(d)(2). Under these circumstances, the

---

[2]At oral argument, OPM raised 5 C.F.R. § 890.105(e)(1)(iii) for the first time and argued that Schimsky was not diligent because he could have treated Blue Cross's failure to issue an initial coverage decision within 120 days as a denial of coverage. Because OPM failed to raise this argument either in its brief or before the district court, it has been waived. *Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008). We note, however, that by its plain language, the regulation refers to review of a *denied claim*, not to OPM review of a claim that has not yet been denied.

3

district court erred by dismissing rather than staying the action pending exhaustion of administrative remedies. *See Pension Benefit Guar. Corp.*, 133 F.3d at 1187 ("*[P]articularly where a statute of limitations problem might develop,* [a stay pending exhaustion] may represent the best accommodation of the competing interests." (quoting *Morrison-Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987))) (emphasis in original); *accord Sharber v. Spirit Mountain Gaming Inc.*, 343 F.3d 974, 976 (9th Cir. 2003) (per curiam). Accordingly, we reverse the judgment of the district court and remand with instructions to stay the action pending Schimsky's exhaustion of his administrative remedies.

**REVERSED and REMANDED.**