**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BO MAZZETTI; et al., <br><br> Defendants - Appellees. | No. 10-56521 <br><br> D.C. No. 3:09-cv-02330-WQH-POR <br> Southern District of California, San Diego <br><br><br> ORDER |

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.[*]

A majority of the panel has voted to grant the petition for panel rehearing.

Judge Rawlinson voted to deny the petition for panel rehearing.

The petition for panel rehearing is GRANTED. The Memorandum filed on

April 20, 2012 is withdrawn and replaced by the Memorandum filed

contemporaneously with this order.

The suggestion for rehearing en banc is denied as moot.

---

[*] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

FILED

**NOT FOR PUBLICATION**

JUL 19 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California corporation, | No. 10-56521 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-02330-WQH-POR |
| v. | |
| BO MAZZETTI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.[**]

Plaintiff Rincon Mushroom Corporation of America, the owner of a five-acre parcel within the Rincon Band of Luiseno Mission Indians tribal reservation,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

appeals the district court's dismissal of its action to enjoin Rincon tribal officials from enforcing tribal environmental and land-use regulations on its property on the ground that Rincon Mushroom has not exhausted its tribal remedies.

Before bringing suit in federal court to challenge tribal jurisdiction, a non-Indian generally must first exhaust tribal court remedies. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985). Rincon Mushroom argues that this case falls within an exception to the tribal exhaustion requirement for assertions of tribal jurisdiction that are not "colorable" or "plausible." *See Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 848 (9th Cir. 2009). We disagree.

A tribe has jurisdiction to regulate "the conduct of non-Indians on fee lands within the reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Montana v. United States*, 450 U.S. 544, 566 (1981). We have held that both forest fires and contamination of a tribe's water quality are threats sufficient to sustain tribal jurisdiction. *Elliott*, 566 F.3d at 850 (forest fires); *Montana v. EPA*, 137 F.3d 1135, 1139–40 (9th Cir. 1998) (water quality). Here, the tribe offered four declarations explaining how activities on Rincon Mushroom's property could contaminate the tribe's sole water source and increase the risk of forest fires that

could jeopardize its casino (its principal economic investment). Those threats are sufficient to make the tribe's assertion of jurisdiction over activities on Rincon Mushroom's property "colorable" or "plausible."

Rincon Mushroom points us to cases where tribal jurisdiction was absent. But in those cases — unlike here — the plaintiff had already exhausted its tribal remedies, and the court was addressing the tribal jurisdiction issue *in the first instance*, asking whether tribal jurisdiction was *actually permitted* under the second *Montana* exception. *See Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316 (2008); *Strate v. A-1 Contractors*, 520 U.S. 438 (1997); *Montana v. United States*, 450 U.S. 544 (1981). Here, by contrast, Rincon Mushroom has not exhausted its tribal remedies, so the standard (to determine whether tribal exhaustion is required) is lower: Tribal jurisdiction need only be "*colorable*" or "*plausible.*" *Elliott*, 566 F.3d at 848 (emphasis added).

We emphasize that we are not now deciding whether the tribe actually has jurisdiction under the second *Montana* exception. We hold only that where, as here, the tribe's assertion of jurisdiction is "colorable" or "plausible," the tribal courts get the first chance to decide whether tribal jurisdiction is actually permitted. If the tribal courts sustain tribal jurisdiction and Rincon Mushroom is unhappy with that determination, it may then repair to federal court.

However, we also hold that the district court abused its discretion in dismissing the case rather than staying it. When "dismissal might mean that [the plaintiff] would later be 'barred permanently from asserting his claims in the federal forum by the running of the applicable statute of limitations' . . . the district court should . . . stay[], not dismiss[], the federal action pending the exhaustion of tribal remedies." *Sharber v. Spirit Mountain Gaming Inc.*, 343 F.3d 974, 976 (9th Cir. 2003) (citation omitted). Here, at least some of Rincon Mushroom's claims would be time-barred if it had to re-file after exhausting its tribal remedies. For example, the complaint asserts a claim under 42 U.S.C. § 1985(3) — which is subject to a one-year statute of limitations — challenging conduct that occurred in 2006. *See McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991). That claim would be time-barred if filed anew tomorrow. Thus, we reverse the district court's dismissal and remand with instructions to stay the case pending Rincon Mushroom's exhaustion of tribal remedies.

**REVERSED AND REMANDED**.

***Rincon Mushroom Corp. v. Mazzetti***, **No. 10-56521**
**Rawlinson, Circuit Judge, dissenting:**

On the issue of tribal jurisdiction over non-Indians, the United States Supreme Court is moving in one direction and we are moving in another. In recent years, the Supreme Court has clearly signaled that tribal jurisdiction over non-Indians on fee simple land is tenuous, at best. The majority seemingly ignores that signal.

This case concerns the efforts of the Rincon Band of Luiseno Indians (the Tribe) to force compliance with its Environmental Enforcement Code and Tribal Court Jurisdiction Ordinance upon a non-Indian on fee simple land.

Exhaustion of tribal court remedies was not required in this case because tribal court jurisdiction was not "colorable or plausible." *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 848 (9th Cir. 2009) (citation omitted). Rather, requiring exhaustion in this case "would serve no purpose other than delay." *Id*. at 847, quoting *Nevada v. Hicks*, 533 U.S. 353, 369 (2001).

In recent years, the Supreme Court has clarified that "a tribe's adjudicative jurisdiction does not exceed its legislative jurisdiction. . . ." *Plains Commerce Bank v. Long Family Land & Cattle Co*., 554 U.S. 316, 330 (2008). "Once tribal land is converted into fee simple, the tribe loses plenary jurisdiction over it. . . ."

1

*Id*. at 328 (citations omitted). "This necessarily entails the loss of regulatory jurisdiction over the use of the land by others. . . ." *Id*. at 329 (citation and internal quotation marks omitted). Thus, "[a]s a general rule, then, the tribe has no authority itself, by way of tribal ordinances or actions in the tribal courts, to regulate the use of fee land." *Id*. (citation and internal quotation marks omitted).

So we start with the premise that tribal jurisdiction is lacking over the activities of non-Indians on fee simple land. *See id*. Although the Supreme Court has articulated two exceptions to the general rule of the lack of tribal jurisdiction, it has cautioned that the exceptions are limited and "cannot be construed in a manner that would swallow the rule, or severely shrink it . . . ." *Id*. at 330 (citations and internal quotation marks omitted). Yet that is precisely what the majority's holding does.

The second exception articulated by the Supreme Court in *Montana v. United States*, 450 U.S. 544 (1981) is at issue here. That exception provides for the exercise of tribal jurisdiction "over the conduct of non-Indians on fee lands" if the conduct at issue "threatens or has some *direct effect* on the . . . health or welfare of the tribe. . . ." *Id*. at 566 (citations omitted) (emphasis added).

The showing by the Tribe of a "potential for water contamination" falls short of the direct effect envisioned by the Supreme Court. Acknowledgment of this

2

cursory and speculative basis for the exercise of tribal jurisdiction is far from plausible in my view. Rather, it is better recognized as running afoul of the Supreme Court's warning against expanding the *Montana* exceptions to the point the general rule against tribal jurisdiction is "swallow[ed]" or "severly shr[u]nk." *Plains Commerce*, 554 U.S. at 330.

I respectfully dissent.