ORDER
A majority of the panel has voted to grant the petition for panel rehearing. Judge Rawlinson voted to deny the petition for panel rehearing.
The petition for panel rehearing is GRANTED. The Memorandum filed on April 20, 2012 is withdrawn and replaced by the Memorandum filed contemporaneously with this order.
The suggestion for rehearing en banc is denied as moot.
MEMORANDUM **
Plaintiff Rincon Mushroom Corporation of America, the owner of a five-acre parcel *13 within the Rincon Band of Luiseno Mission Indians tribal reservation, appeals the district court’s dismissal of its action to enjoin Rincon tribal officials from enforcing tribal environmental and land-use regulations on its property on the ground that Rincon Mushroom has not exhausted its tribal remedies.
Before bringing suit in federal court to challenge tribal jurisdiction, a non-Indian generally must first exhaust tribal court remedies. Nat’l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). Rincon Mushroom argues that this case falls within an exception to the tribal exhaustion requirement for assertions of tribal jurisdiction that are not “colorable” or “plausible.” See Elliott v. White Mountain Apache Tribal Court, 566 F.3d 842, 848 (9th Cir.2009). We disagree.
A tribe has jurisdiction to regulate “the conduct of non-Indians on fee lands within the reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe.” Montana v. United States, 450 U.S. 544, 566, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981). We have held that both forest fires and contamination of a tribe’s water quality are threats sufficient to sustain tribal jurisdiction. Elliott, 566 F.3d at 850 (forest fires); Montana v. EPA, 137 F.3d 1135, 1139-40 (9th Cir.1998) (water quality). Here, the tribe offered four declarations explaining how activities on Rincon Mushroom’s property could contaminate the tribe’s sole water source and increase the risk of forest fires that could jeopardize its casino (its principal economic investment). Those threats are sufficient to make the tribe’s assertion of jurisdiction over activities on Rincon Mushroom’s property “colorable” or “plausible.”
Rincon Mushroom points us to cases where tribal jurisdiction was absent. But in those cases — unlike here — the plaintiff had already exhausted its tribal remedies, and the court was addressing the tribal jurisdiction issue in the first instance, asking whether tribal jurisdiction was actually permitted under the second Montana exception. See Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008); Strate v. A-1 Contractors, 520 U.S. 438, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997); Montana v. United States, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981). Here, by contrast, Rincon Mushroom has not exhausted its tribal remedies, so the standard (to determine whether tribal exhaustion is required) is lower: Tribal jurisdiction need only be “color-able ” or “plausible.” Elliott, 566 F.3d at 848 (emphasis added).
We emphasize that we are not now deciding whether the tribe actually has jurisdiction under the second Montana exception. We hold only that where, as here, the tribe’s assertion of jurisdiction is “col-orable” or “plausible,” the tribal courts get the first chance to decide whether tribal jurisdiction is actually permitted. If the tribal courts sustain tribal jurisdiction and Rincon Mushroom is unhappy with that determination, it may then repair to federal court.
However, we also hold that the district court abused its discretion in dismissing the case rather than staying it. When “dismissal might mean that [the plaintiff] would later be ‘barred permanently from asserting his claims in the federal forum by the running of the applicable statute of limitations’ ... the district court should ... stay[ ], not dismiss[ ], the federal action pending the exhaustion of tribal remedies.” Sharber v. Spirit Mountain Gaming Inc., 343 F.3d 974, 976 (9th Cir.2003) *14 (citation omitted). Here, at least some of Rincon Mushroom’s claims would be time-barred if it had to re-file after exhausting its tribal remedies. For example, the complaint asserts a claim under 42 U.S.C. § 1985(3) — which is subject to a one-year statute of limitations — challenging conduct that occurred in 2006. See McDougal v. Cnty. of Imperial, 942 F.2d 668, 673-74 (9th Cir.1991). That claim would be time-barred if filed anew tomorrow. Thus, we reverse the district court’s dismissal and remand with instructions to stay the case pending Rincon Mushroom’s exhaustion of tribal remedies.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.