FILED

OCT 22 2013

NOT FOR PUBLICATION

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-12-1418-TaPaKi |
| ) | |
| NANCY EUW-JONG SITANGGANG, ) | Bk. No.   RS 12-20905-MH |
| ) | |
| Debtor. ) | Adv. No.  RS 12-01168-MH |
| _____) | |
| ) | |
| NANCY EUW-JONG SITANGGANG, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| NATHAN THOMAS MCINTYRE, dba ) | |
| McIntyre Law Group, ISAOA; ) | |
| CLIFFHAVEN MAINTENANCE ) | |
| CORPORATION, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Submitted Without Oral Argument[**]
on June 18, 2013

Filed - October 22, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Mark D. Houle, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Nancy Euw-Jong Sittanggang, pro se, on
                brief; David Brian Lally, Esq. on brief, for
                Appellee Cliffhaven Maintenance Corporation
                _____

Before:  TAYLOR, PAPPAS, and KIRSCHER, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] In an order entered on February 1, 2013, the Panel determined that this matter was suitable for disposition without oral argument.  Fed. R. Bankr. P. 8012; 9th Cir. BAP Rule 8012-1.

**INTRODUCTION**

Appellant Nancy Euw-Jong Sitanggang ("Sitanggang") appeals the bankruptcy court's sua sponte dismissal of her adversary proceeding and denial of her motion for reconsideration. The adversary proceeding primarily involves Sitanggang's battle to avoid foreclosure by her homeowners association. It also includes a request for damages based on alleged Fair Debt Collection Procedures Act violations ("FDCPA Claims").

After the filing of the appeal, the homeowners association completed a foreclosure, and the applicable redemption period ran. As a result, the foreclosure related claims are moot, and we DISMISS the appeal as to such claims.

Prior to the filing of the appeal, the bankruptcy court dismissed and closed Sitanggang's chapter 13 case. We conclude, however, that neither bankruptcy case dismissal and closure nor the foreclosure moot this appeal with respect to the FDCPA Claims. We, therefore, determine that the bankruptcy court did not abuse its discretion when it declined to retain jurisdiction of the FDCPA Claims and ordered dismissal and, thus, AFFIRM.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Sitanggang owned a home in Corona, California (the "Property") when she filed a chapter 13 petition on May 2, 2012. Sitanggang is a repeat filer, and this filing followed almost immediately on the heels of the dismissal of a prior bankruptcy

---

[1] We exercised our discretion to review documents on electronic docket no. 12-01168-MH to assist us in ascertaining the relevant facts and procedural history. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 958 (9th Cir. 1989).

2

case.

On May 14, 2012, she initiated an adversary proceeding against her homeowner's association, Cliffhaven Maintenance Corporation ("Cliffhaven"), and its attorney, Nathan Thomas McIntyre, ("McIntyre" and, collectively, "Defendants"). In her complaint, Sitanggang alleged two causes of action, the FDCPA Claims and a request for declaratory relief related to the Property (the "Property Claim"). Under the Property Claim, Sitanggang sought a determination that the Defendants[2] had no security interest in the Property and, thus, no right to complete a foreclosure. In her prayer for relief, she requested an injunction. Under the FDCPA Claims, Sitanggang sought damages based on multiple alleged violations of the FDCPA by both Defendants.

Sitanggang did not timely file schedules, statements, and a chapter 13 plan. As a result, the bankruptcy court dismissed her case on May 23, 2012, nine days after she filed her adversary proceeding. The Defendants did not answer timely in the adversary proceeding. On the same date, Sittanggang obtained entry of default, and they tardily answered.

**Dismissal of the Adversary**

The bankruptcy court held a status conference in the adversary proceeding well after dismissal of the bankruptcy case. While it acknowledged that both sides requested determinations

---

[2] The complaint is internally inconsistent with respect to the parties against whom Sitanggang seeks the various forms of relief.

3

based on alleged procedural defects,[3] it declined to consider these issues as it also declined to exercise jurisdiction over the adversary proceeding. The bankruptcy court based this decision on the prior dismissal of the bankruptcy case, the fact that the complaint contained only non-bankruptcy claims, and the fact that the adversary proceeding had just commenced such that discovery had not started. The bankruptcy court concluded that the "efficiencies of all parties are best served by having this heard either in state court or a federal district court." Hr'g Tr. (July 25, 2012) at 3:14-15. The bankruptcy court, therefore, dismissed the complaint without prejudice.

**Motion for Reconsideration**

On August 1, 2012, Sitanggang filed a motion for reconsideration under Rule 9024 and Civil Rule 60(b)(3). She argued only that the bankruptcy court erroneously based dismissal on McIntyre's false representation that she filed the adversary proceeding <u>after</u> the dismissal of the underlying bankruptcy case. The bankruptcy court ruled without a hearing and entered both an Order Denying Motion for Reconsideration ("Initial Reconsideration Order") and an Amended Order Denying Motion for Reconsideration ("Amended Reconsideration Order").[4] In the

---

[3] Sitanggang argued that she did not receive service of the Defendants' untimely answer. McIntyre erroneously argued that she filed her adversary proceeding after dismissal of the bankruptcy case. In so doing, he apparently confused the current case with the previous case where a dismissal order also issued.

[4] The Initial Reconsideration Order erroneously recited that the alleged misrepresentation took place at a hearing on Defendants' motion to dismiss. The Amended Reconsideration Order correctly recites that the alleged misrepresentation took place at the status conference.

4

Amended Reconsideration Order, the bankruptcy court explained that McIntyre's misstatement was not a basis for its decision. The bankruptcy court held that Sitanggang did not "allege sufficient grounds to warrant reconsideration pursuant to rule 60(b) of the Federal Rules of Civil Procedure." Adv. Pro. dkt. #40 at 2:13-15. Sitanggang filed a timely Notice of Appeal.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). Subject to the mootness discussion below, we have jurisdiction under 28 U.S.C. § 158.

**Mootness**

We have an independent duty to determine whether an appeal is moot within the meaning of Article III's case or controversy requirement. See United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1112 (9th Cir. 2012); Hunt v. Imperial Merch. Servs., Inc., 560 F.3d 1137, 1141 (9th Cir. 2009). As an appellate court, our jurisdiction is limited to actual cases and controversies. Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 671 F.3d 980, 990 (9th Cir. 2012) (citing U.S. Const. art. III, § 2, cl. 2.). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." Id. (internal quotation and citations omitted.)

Prior to conclusion of this appeal the bankruptcy court dismissed the underlying bankruptcy case and closed it. Case dismissal and closure did not automatically divest the bankruptcy

5

court of jurisdiction over the adversary proceeding. See Carraher v. Morgan Elecs. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992). Reversal could result in relief notwithstanding dismissal and closure. Therefore, dismissal and closure of the bankruptcy case did not moot this appeal.

Thereafter, Cliffhaven completed a nonjudicial foreclosure sale of the Property and formally requested dismissal of the appeal. Under California Code of Civil Procedure § 1367.4(c)(4), the nonjudicial foreclosure by a homeowners association to collect a debt for delinquent assessment is subject to a right of redemption for a 90-day period after the sale. This Panel, thus, issued an order requiring that the parties respond by May 20, 2013 regarding whether Sitanggang redeemed the Property. She did not.

The Property Claim seeks to stop the foreclosure via the request for injunction and based on allegations that Cliffhaven had no security interest and no right to foreclose. These claims do not survive foreclosure and the end of the redemption period. If we reverse, the bankruptcy court cannot provide relief. Thus, as to these claims, the appeal is moot, we lack jurisdiction, and dismissal of the appeal as to the Property Claim is required.

Foreclosure and the termination of the redemption period, however, did not impact our ability to consider the FDCPA Claims which seek damages. We, therefore, conclude that the appeal is not moot as to the FDCPA Claims.

**ISSUES**

1.  Did the bankruptcy court abuse its discretion by sua sponte dismissing the adversary proceeding?

6

2. Did the bankruptcy court abuse its discretion by denying the motion for reconsideration?

## STANDARD OF REVIEW

We review a bankruptcy court's decision not to exercise jurisdiction over an adversary proceeding following the dismissal of the underlying bankruptcy case for an abuse of discretion. Davis v. C.G. Courington (In re Davis), 177 B.R. 907, 910 (9th Cir. BAP 1995). Likewise, we review the bankruptcy court's sua sponte dismissal of an action for an abuse of discretion. Snell v. Cleveland, Inc., 316 F.3d 822, 825 (9th Cir. 2002). And, the denial of a motion for reconsideration is also reviewed for abuse of discretion. Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc., 610 F.3d 1063, 1066 (9th Cir. 2010).

Under the abuse of discretion standard, we apply a two-part test. First, we consider de novo whether the bankruptcy court identified the correct law to consider in light of the relief requested. United States v. Hinkson, 585 F.3d 1247, 1262 (2009)(en banc). Second, we review the bankruptcy court's factual findings, and its application of those findings to the relevant law, to determine whether they were either "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" Id. (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 577 (1985)).

## DISCUSSION

In addressing the issues raised in Sitanggang's appellate brief, we are aware of our duty to interpret her brief liberally and to ensure that her substantive contentions are not deemed

7

waived simply as a result of her failure to comply with mere technical procedural requirements or her inability to state her contentions using formal legal terminology. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). And, in keeping with this duty, we conclude that her arguments challenging the Dismissal Order all boil down to a single assertion: that sua sponte dismissal was not fair to her under the circumstances of the case. Based on our mootness determination above, we consider this argument only in connection with the FDCPA Claims.

**Retention of jurisdiction**

The Ninth Circuit recognizes the general rule that "the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." See In re Carraher, 971 F.2d at 328. Notwithstanding this general rule, the Bankruptcy Code does not mandate dismissal. See 11 U.S.C. § 349; In re Carraher, 971 F.2d at 328; Linkway Inv. Co., Inc. v. Olsen (Casamont Inv., Ltd.), 196 B.R. 517, 525 (9th Cir. BAP 1996)("Discretion is given the bankruptcy court to retain jurisdiction when judicial economy, fairness, convenience and comity favor retention").

Here, the bankruptcy court exercised its discretion to decline retention of jurisdiction because the complaint contained only non-bankruptcy claims, discovery had not commenced, and the bankruptcy court concluded that it would be more efficient for the claims to proceed in another court. The bankruptcy court verbally dismissed the adversary proceeding without prejudice and allowed Sitanggang to pursue her claims in another court immediately. In the exercise of its discretion not to retain

8

jurisdiction, the bankruptcy court appropriately considered the correct factors. See id. And, we conclude that the bankruptcy court's finding that it would be more efficient and otherwise appropriate for Sitanggang to pursue her claims in another forum is not illogical or implausible and is firmly based on inferences from the record.

On appeal, Sitanggang argues first that the bankruptcy court should not have dismissed the adversary proceeding in reliance on McIntyre's false statement that she filed the adversary proceeding after dismissal of her bankruptcy case. The bankruptcy court made clear repeatedly, however, that it did not rely on McIntyre's assertion when determining that dismissal was appropriate. This argument does not support reversal.

She also argues that dismissal was inappropriate where she obtained entry of default against both Defendants and contends that the bankruptcy court should have stricken the late-filed answer sua sponte. The record evidences the bankruptcy court's awareness that the Defendants answered on the default entry date, and at the status conference the Defendants expressed their intent to seek default set aside. Further, default prove-up must follow the ministerial entry of default. In short, Sitanggang's progress in the case was not significant, and the bankruptcy court did not err when it implicitly balanced default entry against the obstacles to judgment, default or otherwise, and the lack of any discovery or other progress towards resolution on the merits and concluded that dismissal without prejudice was appropriate.

Further, the bankruptcy court had no motion before it

9

seeking to strike the answer, and Sitanggang fails to present any argument as to how the bankruptcy court erred by not sua sponte striking the answer. Thus, we consider this portion of her argument waived. City of Emeryville v. Robinson, 621 F.3d 1251, 1261 (9th Cir. 2010) (appellate courts in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief.").

Sitanggang finally contends that she should have received leave to amend the complaint to include "bankruptcy claims." This argument does not support reversal. When the bankruptcy court dismissed the complaint, Sitanggang's bankruptcy case was dismissed, and she, therefore, had no "bankruptcy claims" to include in an amendment to the complaint.

The bankruptcy court correctly identified the relevant law and its determination not to retain jurisdiction is not illogical or implausible based on the record here; we conclude that the bankruptcy court did not abuse its discretion when it declined to retain jurisdiction and dismissed without prejudice.

**Sua sponte dismissal**

Sitanggang's stated issues on appeal emphasize that the dismissal was "sua sponte;" however, she does not specifically or distinctly argue that the bankruptcy court erred by making its decision on its own motion. Given the centrality of this argument to her statement of issues, we consider this point, but conclude that the bankruptcy court did not abuse its discretion by so doing.

The bankruptcy court's decision involved assessment of its subject matter jurisdiction. A bankruptcy court "may raise the

10

question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); Civil Rule 12(h)(3).[5] And, if subject matter were lacking, a sua sponte decision to dismiss would be appropriate. Although the bankruptcy court did not find subject matter jurisdiction lacking, it decided not to retain jurisdiction based on its well-reasoned consideration of the state of the litigation. Based on our review of the record, and in light of Sitanggang's failure to specify any legal authority or argument that the bankruptcy court abused its discretion, we conclude that the bankruptcy court did not abuse its discretion by ruling on a sua sponte basis.

**Motion for reconsideration**

Sitanggang based her motion for reconsideration on Rule 9024 and in particular Civil Rule 60(b)(3). "A 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citation omitted).[6] Here, Sitanggang filed her motion for reconsideration within seven days

---

[5] Civil Rule 12(h)(3), incorporated under Rule 7012, provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[6] Rule 9023, incorporating Civil Rule 59, was amended and now requires a motion under Civil Rule 59(e) to be filed no later than 14 days after entry of judgment.

11

of the bankruptcy court's oral ruling on July 25, 2012, and well before entry of the Dismissal Order on August 31, 2012. Therefore, Sitanggang's motion for reconsideration required consideration under Civil Rule 59.  The bankruptcy court, however, reviewed the motion for reconsideration under Civil Rule 60(b)(3) as requested by Sitanggang.

Sitanggang argued solely that the bankruptcy court erroneously based its decision on McIntyre's erroneous statement regarding case dismissal.  The record clearly establishes that this misstatement was not a basis for the bankruptcy court's decision.  Thus, Sitanggang failed to adequately support reconsideration under either Rule 60 or 59, and the bankruptcy court did not abuse its discretion by denying it.  Any error attributable to evaluation of the motion for reconsideration under Civil Rule 60 was harmless.

**CONCLUSION**

For the reasons discussed above, we DISMISS the appeal as to the Property Claim, and otherwise AFFIRM.