**Donald L. SNELL, Plaintiff–Appellant,**

**v.**

**CLEVELAND, INC., Defendant–**

**Appellee,**

**and**

**Patricia Faber; John Does;**

Jane Does, Defendants.

No. 01–35957.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Filed Dec. 4, 2002.

Gary M. Zadick, Ugrin, Alexander, Zadick & Higgins, Great Falls, MT, for the appellant.

No appearance for the appellee.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

## OPINION

PER CURIAM:

This case presents the question of whether a district court may, *sua sponte*, vacate a final judgment in a prior case not pending before the court because diversity jurisdiction, though it existed, was inadequately pled. We conclude that it cannot, and reverse.

### I

Donald Snell filed this diversity tort action, captioned CV–00–00009 (hereinafter referred to as "the closed tort action"), in the United States District Court for the District of Montana. He named four parties as defendants: Cleveland, Inc.; Nicholas Faber, in his capacity as the sole shareholder of Cleveland, Inc.; and Nicholas and Patricia Faber, as the record landowners of the bar and adjoining property on which the accident underlying the case occurred. According to the allegations in the complaint, Snell—then nineteen years old—spent the evening drinking and harassing other customers at defendant Cleveland, Inc.'s tavern in Blaine County, Montana. Snell's debauch came to an abrupt end when he left the bar and fell off a forty-foot drop near the bar's parking lot, suffering significant physical injuries. Snell sought damages in tort from the defendants.

The complaint inadequately alleged the facts necessary to establish diversity jurisdiction. *Mantin v. Broad. Music, Inc.*, 244 F.2d 204, 206 (9th Cir.1957) (noting that an allegation of residency cannot be regarded as an allegation of citizenship for the purpose of diversity jurisdiction). It alleged that Donald Snell resided in North Dakota, not that he was a citizen of that state (which he was). It also alleged that Cleveland, Inc. was a Montana corporation, but not that it was incorporated in Montana and that its principal place of business is Montana (which it was and is currently). It did not contain any allegations as to the citizenship of the Fabers, both of whom are citizens of Montana. In short, the parties were diverse, but the complaint improperly pled the necessary facts to establish their diversity. Neither the parties, nor the judge assigned to the case, noticed the pleading defect.

The case was originally assigned to United States District Judge Paul G. Hatfield, but the parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties reached a settlement of the claims. Based on the settlement, the magistrate judge dismissed the claims against the Fabers with prejudice, and a confession of judgment was entered against Cleveland, Inc., in the amount of $750,000. In return for a covenant not to execute the judgment, Cleveland, Inc. assigned its claims against its insurer, Acceptance Insurance Co., to Snell. Acceptance Insurance Co. had refused to tender a defense of Cleve-

land, Inc. in the suit. The file was then closed.

A year later, based on the assignment of claims, Snell filed a separate suit against Acceptance Insurance Co., captioned DV–00–00148 (hereinafter referred to as "the new insurance lawsuit"). Although filed in the same division of the District of Montana, it was assigned to a different district court judge than the judge who sat on the closed tort action. At a hearing on cross-motions for summary judgment, the judge in the new insurance lawsuit, informed the parties—apparently out of the blue—that he had discovered jurisdictional pleading defects in the closed tort action. The court correctly pointed out that the complaint in the closed tort action had alleged the residency, but not the citizenship, of the individual parties and was therefore inadequate to establish diversity jurisdiction. What the court did next is the subject of this appeal.

Brushing aside the fact that none of the parties or the judge assigned to the closed tort action had raised the jurisdictional pleading defect, that all the parties to the closed tort action were not present, that no question existed that the parties actually *were* diverse, that another judge had presided over the case, and that a final judgment had been entered, the district court *sua sponte* vacated the judgment in the closed tort action and dismissed not just the complaint but the entire action.[1] Montana's three-year statute of limitations for

tort actions had already run on the claims alleged in the closed tort action. Mont. Code Ann. § 27–2–204. Thus, although the dismissal was without prejudice on its face, it precluded all further action in the closed tort action.[2] Snell timely appealed the district court's vacation of the previous judgment and its dismissal of the closed tort action.[3]

■ We review de novo a district court's assumption of jurisdiction. *Cf. Carriger v. Lewis,* 971 F.2d 329, 332(9th Cir.1992) (en banc) (assumption of jurisdiction under Fed.R.Civ.P. 60(b)). We also review de novo an order dismissing an action for lack of subject matter jurisdiction. *McGraw v. United States,* 281 F.3d 997, 1001 (9th Cir.2002), *amended by* 298 F.3d 754 (9th Cir.2002). We review the district court's *sua sponte* dismissal of an action for an abuse of discretion. *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

## II

■ Neither the Federal Rules of Civil Procedure nor case law provides any basis for the district court's action in this case. Under the Federal Rules, a court may amend or vacate a prior judgment "[o]n *motion* and upon such terms as are just." Fed.R.Civ.P. 60(b) (emphasis added). The rule states, in relevant part:

---

1.  Rather than granting leave to amend the complaint in the new insurance lawsuit, in which it had just entertained argument for summary judgment, the district court dismissed that suit without prejudice as well.

2.  Accordingly, it is effectively a dismissal with prejudice and a final decision from which plaintiff is entitled to appeal. 28 U.S.C. § 1291; *Stanger v. City of Santa Cruz,* 653 F.2d 1257 (9th Cir.1980). The district court said nothing regarding amendment. We assume that it did not intend to allow amend-

ment because it dismissed the entire action, not merely the complaint. *Cf. California v. Harvier,* 700 F.2d 1217, 1218 (9th Cir.1983) (dismissing appeal from an "order dismissing a complaint but not the underlying action" because it was "far from clear that the district judge found that [the] action could not be saved by any amendment of the complaint").

3.  The district court's action in dismissing the new insurance lawsuit because diversity of citizenship was inadequately pled is not before us.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or other wise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court.

Fed.R.Civ.P. 60(b).

■ Under the rule, a court may entertain an independent action by a party to set aside or modify a prior judgment. *Id.; Houck ex rel. United States v. Folding Carton Admin. Comm.*, 881 F.2d 494, 505 (7th Cir.1989) (discussing the standing requirements of an independent action to set aside a judgment). Both provisions necessitate action by a party in order to trigger district court action. No such action occurred in this case.

The only provisions of Fed.R.Civ.P. 60 that allow for *sua sponte* action by a court involve extremely minor and extremely dire circumstances. Subsection (a) allows a district court to correct "[c]lerical mistakes in judgments, orders or other parts of the record ... at any time of its own initiative." Fed.R.Civ.P. 60(a). Subsection (b) states that the Rule does not limit a court's ability "to set aside a judgment for fraud upon the court." Fed.R.Civ.P. 60(b). Neither subsection applies in this case. The judgment contained no clerical error and the plaintiff's failure to plead the facts necessary to establish diversity jurisdiction was certainly not a fraud upon the court.

■ Federal Rule of Civil Procedure 12(h)(3)[4] provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal. *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49–50 (9th Cir.1972). However, that rule only applies to an action pending before the court. It provides no support for extension of this authority to prior, closed cases, in which a court has entered a final judgment. Rule 12(h)(3) does not provide a jurisdictional grant over cases that are not before the court. Thus, the Federal Rules provide no grounds for the district court's actions in this case; indeed, by identifying precise and limited circumstances in which a court may act upon a judgment *sua sponte*, they undermine it.

---

4. Fed.R.Civ.P. 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Case law further undermines any basis for the district court's actions. "[T]he social interest in expedition and finality in litigation" weighs strongly against collateral attacks on final judgments. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800–01 (7th Cir.2000). Although a judgment may be dismissed on direct review, it may not be attacked for lack of subject matter jurisdiction in a collateral proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377–78, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Stoll v. Gottlieb*, 305 U.S. 165, 171–72, 59 S.Ct. 134, 83 L.Ed. 104 (1938). Case law makes it clear that the presumption of jurisdiction over the subject matter and over the persons involved in the action, is an inherent characteristic of a judgment. *Titus v. Wallick*, 306 U.S. 282, 287, 59 S.Ct. 557, 83 L.Ed. 653 (1939); *Cook v. Cook*, 342 U.S. 126, 128, 72 S.Ct. 157, 96 L.Ed. 146 (1951) (quoting *Adam v. Saenger*, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649 (1938)).

The bar on collateral attacks to final judgments remains in force even when defective allegations of diversity motivate the collateral attack. As former Chief Judge Walter Pope noted:

Thus it may properly by said that existence of diversity of citizenship or of the requisite amount in controversy, is a prerequisite to the jurisdiction of a federal court; but it is also clear that if the court in question determines that these requirements are satisfied, and that it has jurisdiction, it is certain that such a determination, even if demonstrably wrong, is not a nullity or a truly void judgment, for it cannot be questioned collaterally.

*Yanow v. Weyerhaeuser S.S. Co.*, 274 F.2d 274, 279(9th Cir.1958).

As Judge Pope noted, an important distinction exists "between cases where certain facts are strictly jurisdictional in the sense that without them the act of the court is a mere nullity, and those cases in which the facts are only quasi-jurisdictional."[5] *Id.* (citing *Noble v. Union River Logging R. Co.*, 147 U.S. 165, 173, 13 S.Ct. 271, 37 L.Ed. 123 (1893)). In *Noble*, the Supreme Court described the distinction and noted that quasi-jurisdictional facts are those "necessary to be alleged and proved in order to set the machinery of the law in motion, but which, when properly alleged, and established to the satisfaction of the court, cannot be attacked collaterally." 147 U.S. at 173, 13 S.Ct. 271. Examples cited in *Noble* of quasi-jurisdictional facts are those concerning diversity of citizenship and amount in controversy. *Id.* As Judge Pope concluded:

Where the facts upon which jurisdiction depends are quasi-jurisdictional in the sense here described, the determination by the court of its jurisdiction is ... conclusive and binding in every collateral proceeding; and it matters not that the court's determination of its own jurisdiction is arrived at in error, even though the error of adjudication is apparent upon the face of the record.

*Yanow*, 274 F.2d at 280.

Thus, precedent weighs strongly against the actions of the district court in this case, as do the Federal Rules. Despite the pleading defect in the closed tort action, the district court assigned to the new insurance lawsuit was not free to attack the final judgment entered in the closed tort action. At most, the district court

---

**5.** Put another way, there is a difference between jurisdictional defects that render a judgment void *ab initio, see, e.g., Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 n. 6 (9th Cir.2000) (en banc), and those pleading defects that render a judgment potentially voidable.

might have suggested to the plaintiff in the closed tort action that he could move to amend the complaint in order to correct the record. Such a motion would have been filed in the closed tort action, giving the judge assigned to that action the opportunity to allow leave to amend under Fed.R.Civ.P. 15 and 28 U.S.C § 1653. Beyond such a suggestion, however, the judge overseeing the new insurance lawsuit was not free to challenge the judgment in the closed tort action. Accordingly, we vacate the judgment and order of the district court vacating this action and dismissing the case. The original judgment in the closed tort action is thus in force, albeit with the jurisdictional pleading defect still remaining. Although the judgment would stand, absent a motion or independent action by a party, we allow for amendment in order to put this matter, finally, to rest.

### III

Under 28 U.S.C § 1653, we have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction.[6] The primary purpose of § 1653 is to permit correction of incorrect statements about extant jurisdiction. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 831, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).

We have previously permitted amendment of complaints at the appellate level in order to correct defective jurisdictional allegations. *Blue Ridge Ins. Co. v. Stane-*

*wich,* 142 F.3d 1145, 1148 (9th Cir.1998) (permitting amendment of complaint after ordering party to file certifications of citizenship to show complete diversity existed when complaint filed); *Mantin,* 244 F.2d at 206–07(inviting plaintiff to move appellate court for leave to amend jurisdictional allegations by filing verified motion within twenty days of opinion being filed); *Molnar v. Nat'l Broad. Co.,* 231 F.2d 684, 686–87 (9th Cir.1956) (permitting plaintiff to amend complaint in appellate court while noting that a complaint defectively alleging citizenship can be amended to show true facts even in the Supreme Court).

Here, it is undisputed that complete diversity of citizenship actually existed. Thus, pursuant to § 1653, we order the pleadings amended, *nunc pro tunc,* to correct the defective allegations concerning the proper diversity of parties.

The district court's judgment is **REVERSED**; the district court's order dismissing the complaint is **VACATED**; the complaint is ordered **AMENDED,** *nunc pro tunc;* and the original judgment is ordered **REINSTATED.** Each party shall bear its or their own costs.

---

**6.** The statute provides: "Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. Under this provision, the district court originally assigned to this case could—and should—have allowed amendment if it had been made aware of the pleading defect. Certainly, it should not have dismissed without leave to amend. Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by amendment. *Lee v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir.2001). Indeed, the Supreme Court has specifically underscored this with respect to insufficient averments of citizenship, in a pre- § 1653 case, stating: "This defect was curable by amendment, and it was not only within the power, but the duty, of the court, on its attention being called to the fact, to have allowed such an amendment to be made." *Howard v. De Cordova,* 177 U.S. 609, 614, 20 S.Ct. 817, 44 L.Ed. 908 (1900).