**Robert SWARTZ, Plaintiff—Appellant,**

v.

**PRUDENTIAL HEALTHCARE, INC., a member company of Aetna U.S. Healthcare, Inc., f/d/b/a Prudential Insurance Company of America, Defendant—Appellee.**

No. 02–35801.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 17, 2003.

David R. Paoli, Heather M. Latino, Paoli & Shea, P.C., Kyle D. Cunningham, Cunningham Law Offices, Missoula, MT, for Plaintiff–Appellant.

Lon T. Holden, Esq., Jardine Stephenson Blewett & Weaver, Brian L. Taylor, Jardine, Stephenson, Blewett And Weaver, P.C., Kendall M. Gray, Esq., John B. Shely, Esq., Great Falls, MT, for Defendant–Appellee.

Before: TROTT, FISHER, and GOULD, Circuit Judges.

## MEMORANDUM *

Robert Swartz filed a complaint in federal district court over the alleged mishandling of an insurance claim. The complaint stated that Swartz was a *resident* of Montana, whereas it should have stated he was a *citizen*. In addition, although the complaint stated that the defendant was a citizen of a state other than Montana, it failed specifically to plead that New Jersey was either the defendant's state of incorporation or its principal place of business. Although actual diversity existed throughout, the district court dismissed the claim

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*sua sponte* on these technicalities and denied leave to amend.

## Standard of Review

A district court's *sua sponte* dismissal of an action is reviewed for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Denial of a Rule 60(b) motion is also reviewed for an abuse of discretion. *DeSaracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.2000), *cert. denied*, 531 U.S. 876, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000). A district court abuses its discretion if it "based its ruling on an erroneous view of the law." *Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 730 (9th Cir.1999).

## Leave to Amend

28 U.S.C. § 1653 in conjunction with Rule 15(a) allows defective allegations of jurisdiction to be amended "by leave of court ... and leave shall be freely given when justice so requires." This court had occasion to decide the same issue last year. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 824 (9th Cir.2002) (holding that a district court abuses its discretion when it dismisses an action solely because a plaintiff has incorrectly pled diversity of residence, when it is undisputed that actual diversity of citizenship exists). The district court here also erred in applying the "good cause" standard under Rule 16 with respect to the motion to amend when the "freely given" standard of Rule 15 should have controlled. The requested amendment was not constrained by the pretrial order because Swartz was not seeking to add a party, claim or defense. Pursuant to § 1653, the pleadings shall be amended to correct the defective allegations concerning the proper diversity of parties.

## Futility

The liberality of Rule 15(a) is subject to the qualification that the amended pleading not be futile. Given the recent decisions of *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003), and *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138 (9th Cir.2003), it is possible that Swartz's claims are preempted by ERISA. The district court, however, did not reach this issue. Swartz must be afforded the opportunity to adequately address the preemption issue before the district court to determine whether his amended complaint is actionable.

REVERSED and REMANDED for further proceedings consistent with this decision.