**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL MERRITT CHRISTIANSEN, | No. 08-56863 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-03948-PSG-JWJ |
| v. | |
| LINCOLN NATIONAL LIFE INSURANCE CO., | MEMORANDUM * |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 17, 2009**

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Paul Merritt Christiansen appeals pro se from the district court's order

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

JS/Research

dismissing his action for lack of prosecution and lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000). We review for an abuse of discretion a dismissal for lack of prosecution. *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998). We vacate and remand.

Dismissal for lack of prosecution was improper because Christiansen timely responded to and attempted to comply with the orders to show cause why the action should not be dismissed. *See id.* at 401 (reversing dismissal for lack of prosecution where plaintiffs promptly complied with order to show cause).

We vacate the judgment and remand for further proceedings because appellee concedes diversity jurisdiction, and it is not clear that Christiansen could not plead facts establishing diversity jurisdiction if given another opportunity to amend the complaint. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 & n.6 (9th Cir. 2002) (per curiam) (noting that dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by amendment, and ordering the pleadings amended to correct defective jurisdictional allegations where it was undisputed that complete diversity of citizenship existed).

We deny Christiansen's request to remand this case to a different judge

because the record does not indicate that the case presents the rare circumstances necessary to warrant reassignment. *See Hernandez*, 138 F.3d at 402–03.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**