**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK SCOTT, | No. 10-16969 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02056-SRB |
| v. | |
| BANK OF NEW YORK MELLON TRUST COMPANY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

   Jack Scott appeals pro se from the district court's summary judgment in his

action arising from foreclosure proceedings.  We have jurisdiction under 28 U.S.C.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Scott's request
for oral argument is denied.

§ 1291. We review de novo, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for the reasons stated in its order entered on August 13, 2010. Moreover, the district court did not err by implicitly denying Scott's request for a continuance under Federal Rule of Civil Procedure 56(f) because Scott failed to show how additional discovery would have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (district court may implicitly deny Rule 56(f) motion).

Scott's appeal of the district court's denial of his motion to reinstate the preliminary injunction is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

Appellees' motion to amend the jurisdictional statement in their notice of removal is granted. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) (under 28 U.S.C. § 1653, the court of appeals has the authority to grant leave to amend in order to cure defective allegations of jurisdiction). Contrary to Scott's contentions, the district court had subject matter jurisdiction on the basis of diversity. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th

Cir. 2006) (discussing requirements for diversity jurisdiction and citizenship of limited liability companies).

Scott's remaining contentions are unpersuasive.

**AFFIRMED.**

10-16969