**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  SHMUEL ERDE,<br><br>                              Debtor.<br><br>------------------------------<br><br>SHMUEL ERDE,<br><br>                    Appellant,<br><br>   v.<br><br>CAROLYN A. DYE,<br><br>                    Appellee. | No. 19-60062<br><br>BAP No. 19-1043<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Spraker, and Taylor, Bankruptcy Judges

Submitted December 2, 2020[**]

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Chapter 11 debtor Shmuel Erde appeals pro se from the Bankruptcy

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's decision affirming the bankruptcy court's order sua sponte dismissing his bankruptcy case and imposing a pre-filing restriction on Erde as a vexatious litigant. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court did not abuse its discretion by dismissing Erde's bankruptcy case because Erde failed to effectuate a confirmable plan of reorganization. *See* 11 U.S.C. § 105(a) (setting forth bankruptcy court's equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" including sua sponte action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process"), § 1112(b)(1), (b)(4) (cause for dismissal of case includes failure to file or confirm a plan and inability to effectuate substantial consummation of a confirmed plan); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 825 (9th Cir. 2002) (standard of review for sua sponte dismissal).

The bankruptcy court did not abuse its discretion by declaring Erde a vexatious litigant after providing notice and an opportunity to be heard, developing an adequate record for review, making substantive findings as to the frivolous or harassing nature of Erde's litigation history, and narrowly tailoring its prohibition

2                                                                    19-60062

on future bankruptcy filings. *See Ringgold–Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-67 (9th Cir. 2014) (setting forth standard of review and procedural and substantive standards for a federal pre-filing order based on a vexatious litigant determination).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Erde's petition for initial determination en banc (Docket Entry Nos. 29, 30) is denied as untimely. *See* Fed. R. App. P. 35(c).

All other pending motions and requests are denied.

**AFFIRMED.**